(140 App. Div. 414.)

ZIEGFELD v. NORWORTH et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

APPEAL AND ERROR (§ 458*)—FINAL DECREE—STAY OF OPERATION.

    Where a plaintiff obtained an injunction pendente lite to restrain defendants from rendering professional services as actors for any other person than plaintiff, which on appeal was affirmed, and subsequently obtained, on a trial on the merits, a decree enjoining defendants until the expiration of their contract with him from rendering professional services for any other person, an order suspending the injunction until the decision of an appeal by defendants, rendered by a judge not vested with a power of review, was erroneous, as an abuse of discretion.

    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 458.*]

Appeal from Special Term, New York County.

Action by Florenz Ziegfeld, Jr., against Nora Bayes Norworth and another. From an order staying the operation of an injunction, granted on final decree after trial, until the hearing and decision of an appeal from the decree to the Appellate Division, plaintiff appeals. Reversed, and stay vacated. ⸱

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Dittenhoefer, Gerber & James (David Gerber, of counsel), for appellant.

William Klein, for respondents.

PER CURIAM. Plaintiff is a theatrical manager, and defendants are theatrical performers. On April 19, 1909, defendants entered into a written contract of employment with the plaintiff for a term commencing June 1, 1909, and to continue until February 25, 1911. Alleging that the defendants had breached their contract, and setting up grounds for equitable relief, plaintiff commenced this action, and obtained an injunction pendente lite, which, on appeal, was affirmed by this court. 134 App. Div. 951, 118 N. Y. Supp. 1151. A motion for reargument or for leave to go to the Court of Appeals was thereafter denied. 134 App. Div. 969, 119 N. Y. Supp. 1151. Thereafter the case came on for trial before the Special Term, and a decree was entered, dated May 11, 1910, which—

"ordered and adjudged that the defendants, Nora Bayes Norworth and Jack Norworth, be and they hereby are, and each of them is, enjoined and restrained, until the expiration of the term of the contract entered into between the plaintiff and the defendants, bearing date April 19, 1909, to wit, until February 25, 1911, from rendering their professional services as actors and singers for any other person, firm, or corporation than that of the plaintiff herein, and from publicly singing, and performing in any theatrical company, entertainment, play, production, or performance, except that given by the plaintiff herein, without his written consent first had and obtained."

On the 12th of May, 1910, defendants obtained an order to show cause, returnable at Special Term, Part 1, at 2 o'clock in the afternoon of that day, why an order should not be made staying all proceedings, and staying the enforcement of the injunction, until after entry of an order upon the appeal to the Appellate Division, and staying all proceedings on the part of the plaintiff toward enforcing the said decree until after the hearing and determination of the motion. Upon the return, adjournment of a day was taken, and the matter was argued and submitted on the 13th day of May. The court held the matter under advisement until the 22d of July, when it ordered that the injunction contained in said final decree be suspended until the hearing and decision of the appeal by the defendants to the Appellate Division. From said order this appeal is taken.

The order appealed from has deprived the plaintiff for many months of the relief to which he has been judicially declared entitled. No security was required, and no adequate terms imposed. Equitable relief by injunction in such cases would be worse than useless, if the procedure here followed is to be approved. The papers disclose an interference by one judge, not vested with the power of review, with the final decree of another, and an abuse of discretion which this court cannot approve.

The order appealed from should be reversed, and the stay vacated, with $10 costs and disbursements, and the motion denied, with $10 costs.